Daniel J. Kolodziej, Esq. (Bar No. 170595)
Mougeh Tala-Ahmari, Esq. (Bar No. 275487)
Rosty G. Gore, Esq. (Bar No. 280722)
Trygstad, Schwab & Trygstad
1880 Century Park East, Suite 1104
Los Angeles, California 90067-1600
Telephone:  (310) 552-0500
Facsimile:  (310) 552-1306

Attorneys for Plaintiff
BRIAN SWANSON

FILED
CLERK, U.S. DISTRICT COURT
DEC - 5 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BRIAN SWANSON,<br><br>Plaintiff,<br><br>v.<br><br>LOS FELIZ CHARTER SCHOOL FOR THE ARTS, ROBERT GREENBERG, GABRIELLE SAMUELS, MICHAEL BISHOP, MARY ANN GALLO, DR. STACI BLOCK, and DOES 1-20, INCLUSIVE<br><br>Defendant(s). | Case No. CV13-06597-DDP-MANx<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1. **VIOLATION OF "REPORTING BY SCHOOL EMPLOYEES OF IMPROPER GOVERNMENTAL ACTIVITIES ACT" [EDUCATION CODE § 44110 ET SEQ.];**<br>2. **[DELETED];**<br>3. **VIOLATION OF §504 OF THE REHABILITATION ACT OF 1973** |

1
SECOND AMENDED COMPLAINT FOR DAMAGES

I:\DJK\G0960-SWANSON\Pleadings\PL-2nd Amended Complaint for Damages-Final.doc

PLAINTIFF, BRIAN SWANSON, IS INFORMED AND BELIEVES AND THEREUPON ALLEGES AS FOLLOWS:

## PARTIES

1. Plaintiff BRIAN SWANSON ("Plaintiff") was at all relevant times mentioned herein, an individual and an employee of Defendant Los Feliz Charter School for the Arts, a California public charter school sanctioned by the Los Angeles Unified School District. Plaintiff was employed as an Assistant Principal from the period of October 12, 2011, to June 30, 2012. Plaintiff resides in the State of California, County of Los Angeles.

2. Defendant LOS FELIZ CHARTER SCHOOL FOR THE ARTS ("LFCSA") is, and at all times mentioned herein, was a California public charter school sanctioned by the Los Angeles Unified School District, a California public school district. LFCSA is incorporated in California and was and is maintaining offices and doing business in the State of California, County of Los Angeles. LFCSA acts by and through its Governing Board, managers, officers, agents, and employees.

3. Robert Greenberg ("Greenberg"), Gabrielle Samuels ("Samuels"), Tony Butka, Michael Bishop ("Bishop"), Mary Ann Gallo ("Gallo"), Juan Devis, and Michael Garces, at the relevant times herein, were members of the Governing Board of the Los Feliz Charter School for the Arts (hereinafter referred to as "Board"). The Board is and, at all times mentioned herein, was in the business of organizing and managing LFCSA and had ultimate supervisory authority over each employee of LFCSA, including to hire, terminate or non-renew contracts for each employee (including Plaintiff). Plaintiff is informed and believes that Defendants Greenberg, Gallo, Samuels and Bishop are residents of Los Angeles County and were the members of the Board who voted in favor of the non-renewal of Plaintiff's employment contract (in a 4-0 vote, with one additional abstention by Tony Butka), as alleged further herein below.

4. Defendant Dr. Staci Block ("Block") is, and at all times mentioned herein was, an individual and Principal of LFCSA, and thus was a manager, officer, agent, and employee of LFCSA and was the direct supervisor to Plaintiff and the administrative liaison to the Board. In that

capacity, she had the authority and duty to make recommendations to the Board, and did so, in regards to employment decisions, including those pertaining to Plaintiff.

5. At all times relevant to this action, Board and Block were managers, officers, agents, and employees of LFCSA, were acting within the course and scope of their employment/agency, and on behalf of LFCSA, such that their acts and/or omissions to act are imputable to LFCSA under the doctrine of *respondeat superior*.

6. Alternatively, at all times relevant to this action, LFCSA cloaked Board and Block with the appearance of actual authority, such that Plaintiff was justified in relying thereon, and therefore their acts and/or omissions to act are imputable to LFCSA under the doctrine of *respondeat superior*.

7. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 20, inclusive, and therefore Plaintiff sues those Defendants by such fictitious names. Plaintiff will amend this complaint to allege their names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein.

8. Each Defendant is sued as the agent and/or employer of each other acting in the course and scope of such employment or alternatively, acting beyond the course and scope of their authority. Without waiving the alternative pleading, reference in this complaint to these Defendants' capacity will be within the course and scope of their authority. Reference made in this complaint to "Defendants" shall be deemed to mean the acts of Defendants acting individually, jointly and/or severally.

9. The acts pleaded herein were committed against Plaintiff in Los Angeles County, California.

## FACTS

10. Plaintiff began his employment with LFCSA as an assistant principal on October 12, 2011. His employment contract term was from October 12, 2011 to June 30, 2012. His employment could only be terminated "for cause" and "with notice."

11.  Plaintiff performed his duties as required and received only positive feedback in relation to his performance.

12.  During the course of Plaintiff's employment, Block, on behalf of LFCSA, hired an independent "consultant," Debbie Riverhawk, in relation to LFCSA's special education program. Over the course of several months, Defendants granted Ms. Riverhawk access to, and, in turn, she accessed, confidential individualized education plans ("IEPs"), and, in concert with LFCSA and Dr. Block, committed other acts, in violation of the Family Educational Rights and Privacy Act ("FERPA"), the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), the Education Code, the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Federal Rehabilitation Act ("FRA"), and other applicable laws.

13.  Plaintiff became aware of the Defendants' and the consultant's violations of FERPA, HIPPA, the Education Code, IDEA, Section 504 of the Federal Rehabilitation Act, and other applicable law. He reported these violations to the members of the Board, including Defendants Greenberg, Gallo, Samuels, and Bishop, and to the Los Angeles Unified School District, the sanctioning body for the LFCSA. Block was also informed of Plaintiff's report of the violations.

14.  The Los Angeles Unified School District investigated the reported violations and confirmed that one or more violations of law had in fact occurred.

15.  Within a few weeks prior to the end of his employment contract term, Plaintiff contacted Block and members of the Board to request the renewal of his contract for the 2012-2013 school year. His requests for renewal followed closely in time to his reports of the violations of law.

16.  Mr. Swanson's requests were ignored and not responded to. In addition, Dr. Block and other administrative personnel, including the Defendant Board members, isolated and ostracized Plaintiff from day-to-day work activities and otherwise appeared to be avoiding or shunning him.

17.  A few days prior to the end date of Plaintiff's employment contract term, in or about June 2012, Board held a special meeting wherein it voted not to renew Plaintiff's contract. Defendants, upon the recommendation of and/or in consultation with Block, voted 4-0 (with one additional abstention) not to renew Plaintiff's contract. Block subsequently informed Plaintiff by letter of Board's decision not to renew his contract. As a result, Plaintiff's last day of employment

with LFCSA was June 30, 2012. Block, Greenberg, Samuels, Bishop and Gallo were acting within the scope of their supervisory capacity over Plaintiff when they engaged in this decision and vote.

18.  Block's non-renewal letter to Plaintiff purported that the reason for the non-renewal was budgetary. However, at that time, Board had already approved a 2012-2013 budget containing a line item for Plaintiff's position. Furthermore, shortly after Plaintiff's position was purportedly eliminated, LFCSA posted a very similar Assistant Principal position in the Edjoin website and began accepting applications. Shortly thereafter, Board approved the hiring of a replacement for Plaintiff.

19.  Plaintiff is informed and believes and thereupon alleges that the purported "budgetary" reason for his non-renewal was in fact a pretext for retaliation by Defendants against Plaintiff for his reporting of the aforementioned violations of law.

20.  On or about October 1, 2012, Plaintiff sent Board correspondence constituting a "Government Tort Claim," demanding that Board remedy the claims set forth herein. Board rejected that demand by correspondence dated October 17, 2012.

21.  On or about March 21, 2013, Plaintiff filed a complaint with the Los Angeles District Attorney, Public Integrity Division, concerning Defendants' acts of retaliation against him. On or about April 10, 2013, and April 12, 2013, Plaintiff supplemented that complaint and filed a similar complaint with the Los Angeles Police Department, Northeast substation. Such complaints were made pursuant to Education Code § 44114, within twelve months of Defendants' most recent retaliatory act.

22.  As a result of Plaintiff being compelled to bring this action, he has and will incur attorney's fees and costs. Plaintiff is entitled to recover his attorney fees and costs from Defendants pursuant to applicable laws as described further herein.

///
///
///
///
///

# FIRST CAUSE OF ACTION

## VIOLATION OF "REPORTING BY SCHOOL EMPLOYEES OF IMPROPER GOVERNMENTAL ACTIVITIES ACT"

### [EDUCATION CODE § 44113]

### [AS TO BLOCK, AND DOES 1 THROUGH 20, INCLUSIVE, (COLLECTIVELY "INDIVIDUAL DEFENDANTS")]

23. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

24. At the time of Individual Defendants' retaliation against Plaintiff in the form of non-renewal of his employment contract, Plaintiff was a school employee of LFCSA and had made to Defendants and each of them protected disclosures, pursuant to Education Code § 44110 et seq., of violations of FERPA, HIPPA, FRA, IDEA and the Education Code.

25. Plaintiff's disclosure of the violations of law was a "protected disclosure" under Education Code § 44112(e) and § 44112(c) because in good faith, he disclosed improper governmental activity that violated state and/or federal law.

26. Individual Defendants recommended and caused Board to vote for non-renewal of Plaintiff's employment contract as an intentional act of reprisal and retaliation, performed in Individual Defendants' supervisory capacity over Plaintiff, for his disclosure of the consultant's violations of law, and such acts of Individual Defendants, and each of them, was a violation of the "Reporting by School Employees of Improper Governmental Activities Act," specifically, Education Code § 44113.

27. Individual Defendants' retaliatory intent is evidenced by, among other things, Defendants' pre-textual "budgetary" reason for Plaintiff's termination, when in fact Board had already approved a budget for Plaintiff's position for the next school year, and then posted an open position on the internet, accepted applications for the position, and hired someone to replace Plaintiff.

28. As a direct and proximate result of the wrongful conduct of Individual Defendants described herein, Plaintiff has suffered adverse employment action(s), damage to his professional reputation, loss of back pay and benefits, loss of front pay and future benefits, loss of attendant benefits, lost retirement and additional amounts had he not been retaliated against. Plaintiff has suffered such damages in an amount according to proof at trial in this matter.

29. As a direct and proximate result of the wrongful acts of Individual Defendants, as alleged above, Plaintiff was harmed in that he has suffered humiliation, mental anguish, anxiety and emotional and physical distress and has been injured in mind and body. As a result of such retaliation and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

## SECOND CAUSE OF ACTION

## [DELETED]

* * *

## THIRD CAUSE OF ACTION

## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

## [29 U.S.C. § 701 ET SEQ.]

## [AS TO LFCSA ONLY]

30. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

31. Plaintiff was protecting the rights of disabled students, among non-disabled students, when he vocalized his discovery of Defendants' wrongful acts.

32. Defendants' shunning of Plaintiff from day-to-day work activities, failure to acknowledge his repeated requests for contract renewal and the ultimate non-renewal of Plaintiff's employment contract, were intentional acts of reprisal and retaliation directly in response to Plaintiff's attempt to protect said disabled students, all of which a violation of Section 504 of the Rehabilitation Act of 1973.

33. As a direct and proximate result of the Defendants' wrongful conduct described herein, Plaintiff has suffered adverse employment action(s), damage to his professional reputation, loss of back pay and benefits, loss of front pay and future benefits, loss of attendant benefits, lost retirement and additional amounts had he not been retaliated against. Plaintiff has suffered such damages in an amount according to proof at trial in this matter.

34. As a direct and proximate result of the wrongful acts of Defendants, as alleged above, Plaintiff was harmed in that he has suffered humiliation, mental anguish, anxiety and emotional and physical distress and has been injured in mind and body. As a result of such retaliation and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

35. Plaintiff is also entitled to recover his attorney's fees and costs as a prevailing party, pursuant to 29 U.S.C. § 701 et seq.

**WHEREFORE, PLAINTIFF PRAYS FOR JUDGEMENT AGAINST DEFENDANTS, AND EACH OF THEM, AS FOLLOWS:**

1. For general and compensatory damages according to proof at trial;
2. For reasonable attorney's fees to the extent allowed by law;
3. For punitive damages as allowed by law and according to proof at trial;
4. For costs of suit herein; and
5. For whatever other relief this court deems just and proper.

DATED: October 28, 2013                TRYGSTAD, SCHWAB & TRYGSTAD

                                       By:  /s/ Daniel J. Kolodziej
                                            DANIEL J. KOLODZIEJ
                                            MOUGEH TALA-AHMARI
                                            ROSTY G. GORE
                                            Attorneys for Plaintiff
                                            BRIAN SWANSON

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen (18) and not a party to the within action; my business address is 1880 Century Park East, Suite 1104, Los Angeles, CA 90067. On October, 29, 2013, I served the foregoing document(s) described as SECOND AMENDED COMPLAINT FOR DAMAGES on all interested parties to this action by delivering

☒ a copy  ☐ an original

thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

Jeffrey S. Ranen                          Attorneys for Defendants
Amy Adolph                                Amy.Adolph@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith           Fax: 213.250.7900
221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012

☒ **(BY MAIL)** I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth above.

☐ **(BY OVERNIGHT COURIER)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FAX)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated above.

☐ **(BY PERSONAL SERVICE)** I personally delivered such envelope by hand to the offices of the above named addressee(s).

☒ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on October 29, 2013, at Los Angeles, California.

/s/ Holly Manzo
Holly Manzo